PERRY and others *v.* CLIFT and others.

(*Circuit Court, E. D. Tennessee.* November 10, 1887.)

REMOVAL OF CAUSES—ATTACHING OF JURISDICTION—AMENDMENT OF PARTIES—REMAND.

After removal, the bill was demurred to on the ground that the heirs of P., who appeared in the caption as necessary parties, were not properly made parties; the bill containing no allegation that their names and residences were unknown, or that they were non-residents. The demurrer was sustained, and the bill amended by setting out the names of the heirs, and their citizenship as of the same state as that of the complainant. There was no severable controversy. *Held,* the amendment being compulsory, the case should be remanded, and not dismissed.

On motion to remand.

*W. D. Speers,* for complainants.

*Cooke, Clift & Cooke* for respondents.

KEY, J.   This suit was removed from the chancery court of the state, upon the ground that complainants are citizens of New York, and the defendants citizens of other states. The bill in its caption shows that it is filed against several parties, and, among them, "the heirs of E. G. Pearl, deceased, names and residences unknown." There is no allegation in the bill that complainants had used any effort to ascertain the names of these heirs or their residence, or whether they are citizens of this state. After the removal of the cause to this court by a part of the defendants, their solicitors demurred to the bill upon several grounds, of which one is:

"Said bill shows upon its face that the heirs of E. G. Pearl, deceased, are necessary parties to said bill. There is no allegation in said bill that the names or residences of said heirs are unknown, or that they are non-residents, and the said heirs are not made parties to this suit in the manner required by law."

The demurrer was sustained upon this point, and complainants were allowed to amend their bill, and, within the time given, did amend it by alleging that Dyer Pearl, William E. Pearl, Cora Pearl, and Anna K. Pearl are the heirs at law of E. G. Pearl, and that they are citizens of New York. After the filing of this amended bill, complainants' solicitor moved to remand the cause, "because the complainants and a part of the defendants reside in and are citizens of New York," and defendants' solicitors move to dismiss the amended bill, "because it shows that some of the complainants and the heirs of Pearl, a part of the defendants, are citizens of New York, and the matters of controversy alleged by the bill are not severable, and this court has no jurisdiction to determine it." In other words, that the cause was properly removed, and the jurisdiction of this court took hold of it, and complainant cannot deprive it of it by his amended bill. It may be admitted that, if the amendment has been made in order to defeat the jurisdiction of the court, it should not be permitted to stand. In this case, however, complainant has been compelled

to amend his bill by defendants' demurrer, on penalty of having his bill dismissed should he fail to amend. Now, when he does amend, as defendants insist he must, must his bill still be dismissed? The bill is amended precisely as defendants' demurrer demands; that is by giving the names and citizenship of the heirs of E. G. Pearl. There is no denial of the truth of the allegations of the amended bill, so that, with it as part of the pleadings in the cause, the court has no jurisdiction of the cause.

Under the facts stated, we must overrule the motion to dismiss the amended bill. In the view I take of the case, it must be remanded to the court from whence it came. Whenever, in the progress of a suit, it appears to this court it has no jurisdiction, it is made its duty by law to remand the cause. I conclude, therefore, that complainants' motion should be sustained, and the cause remanded.