**244**

Charles A. DONALDSON, Plaintiff,

v.

D. Henry WERBLOW et al.,
Defendants.

Civ. A. No. 1883.

United States District Court
N. D. Texas, Lubbock Division.

March 8, 1956.

Nelson & McCleskey, Lubbock, Tex., for plaintiff.

Adkins, Folley, McConnell & Hankins, Amarillo, Tex., for defendants.

DOOLEY, District judge.

This suit, filed in the state court, was brought by Donaldson, a citizen of Texas, against Werblow, a citizen of Connecticut, who dealt with him in the name of "Werblow and Associates", to cancel a written transfer of a patent, claiming fraud in the transaction. Werblow, invoking diversity of citizenship and the requisite amount in controversy, removed the case to the federal court. Donaldson, after removal, brought in as additional defendants Gumperz and Melhado, both citizens of New York, (reputed to be the others making up "Werblow and Associates"), and Reflectograph Corporation, a citizen of Texas, which indicatively had acquired an assignment of the patent rights in question from the other defendants before the present suit was filed. All parties have been agreed that said corporation is an indispensable party in this litigation.

The plaintiff has filed a motion for remand to the state court on the ground that now complete diversity of citizenship has been lost under the amended complaint. Werblow resists a remand, contending that the diversity jurisdiction was good at the time of the removal and that same cannot now be ousted by the voluntary joinder of a new defendant in the amended complaint.

Werblow relies on Pacific Gas & Electric Co. v. Fibreboard Products, Inc., D.C., 116 F.Supp. 337, but the new defendant abortively joined in that case was not an indispensable party to the suit, and the court struck the amendment seeking to bring in said defendant. A number of like removal cases, except that the new defendant was not ruled out, cited in above decision, hold that when the joinder of a new party, though only a proper party, dissolves diversity of citizenship the case should be remanded. Manifestly, when the new party is indispensable that a fortiori not only warrants but calls for the same action.

In any event, probably none of the previous cases deal with the joinder of an indispensable party, unless it be Perry

v. Clift, C.C., 32 F. 801, or State ex rel. Merritt Oil Corp. v. District Court, 44 Wyo. 437, 13 P.2d 568, certiorari denied, 287 U.S. 667, 53 S.Ct. 291, 77 L.Ed 575, but certainly, if this present suit had been originally filed in the federal court, the later joinder of the indispensable party would have ousted the jurisdiction and it would be an anomaly to say that the circumstance of a removal raises an immunity to such ouster of jurisdiction. There is no flexibility here to retain the suit as might be done in the instance of a proper party, or even a necessary party. This court has no jurisdiction to try the controversy with, and is unable to try it without, the joinder of the indispensable party and, pursuant to Section 1447(c), Title 28, U.S.C.A., and as the most reasonable course, the pending motion to remand is sustained.